UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:16 CV 934 RWS ) |
| NITIN JAIN, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Allied Property and Casualty Insurance Company filed this complaint seeking a declaration that Defendant Nitin Jain is not entitled to underinsured motorist coverage under a policy of insurance Allied issued to Tri Doan.

Jain made a claim for underinsured motorist coverage under Doan's policy, Policy Number PPNM0042521944, for injuries Jain allegedly sustained in a January 5, 2014 automobile accident in St. Louis, Missouri, in which Jain was a passenger in a vehicle owned by Doan. Jain alleges that the other driver involved in the accident ("the Tortfeasor") is at fault for the accident. Jain has recovered the policy limit of the applicable insurance policy from the Tortfeasor, which is $100,000. Jain alleges his injuries exceeded $100,000 and he is therefore entitled to underinsured motorist coverage under Doan's policy. Doan's policy's limit of liability for underinsured motorist coverage is $100,000 and is equal to the limit of liability for the Tortfeasor's policy.

Allied filed this action seeking a declaration that Jain is not entitled to underinsured motorist coverage under Doan's policy based on that policy's definition of underinsured motor vehicle. Doan's policy defines an "underinsured motor vehicle" as a "land motor vehicle or

trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage." Because the limit of liability for the Tortfeasor's vehicle is $100,000, which is not less than the $100,000 limit of liability of underinsured motorist coverage under Doan's policy, Allied asserts that the Tortfeasor was not driving an underinsured motor vehicle as defined by Doan's policy and Jain is not entitled to underinsured motorist coverage.

The record reflects service of summons and the complaint on Jain on June 26, 2016. Jain's answer was due July 18, 2016. As of this date, Jain has not filed any answer or responsive pleading.

Allied filed a motion for entry of Clerk's default on August 9, 2016. The Clerk of Court filed an entry of default on August 10, 2016. Allied filed a motion for default judgment on August 10, 2016.

After reviewing the record before me, I find that Allied is entitled to a default judgment on its complaint against Jain.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Allied Property and Casualty Insurance Company's motion for default judgment #[7] is **GRANTED**.

A separate judgment will be entered in this matter.

*[signature]*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of August, 2016.